IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

INDOOR BILLBOARD NORTHWEST              3:12-CV-01338-BR
INC.; CATHERINE E. COX;
DANIEL D. GESTWICK IRA R/O;             OPINION AND ORDER
PAIGE C. GIST; BERNICE GOLDIN
IRA by ROCHELLE GOLDIN and
STEVE GOLDIN for BERNICE
GOLDIN ESTATE; DONALD J.
HANDAL REVOCABLE TRUST U/O;
DONALD J. HANDAL IRA R/O;
MARGOT S. HANDAL TR U/A;
EDWARD J. HARTNETT; GEOFFREY
M. HOLMES; GEOFFREY W.
HOLMES; LEE M. and BECKY
HOLZMAN; MARITAL TRUST U/W
WILLIAM KATZ; PEGGY W.
KAUFMANN IRA; RICHARD J.
KAUFMANN DECEDENT'S TRUST;
KAY M. KAZMAIER; STANLEY A.
STAR; JAMES SHU LEVITZ; ALAN
and NADINE WOLFF; and MICHAEL
WOLFF,

        Plaintiffs,

v.

M2 SYSTEMS CORPORATION,

        Defendant.

1 - OPINION AND ORDER

**ARDEN E. SHENKER**
Shenker & Bonaparte LLP
1500 S.W. First Avenue
Suite 765
Portland, OR 97201
(503) 294-1118

      Attorneys for Plaintiffs

**TIMOTHY W. SNIDER**
Stoel Rives LLP
900 S.W. Fifth Avenue
Suite 2600
Portland, OR 97204
(503) 294-9557

      Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on Defendant's Motion (#7) to Dismiss for Lack of Jurisdiction and Venue or, Alternatively, Motion to Transfer Venue and Defendant's Motion (#10) to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted.

    For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss for Lack of Jurisdiction.

<u>**BACKGROUND**</u>

    The following facts are taken from the Complaint and the parties' materials related to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Venue.

    On July 25, 2006, Defendant M2 Systems Corporation entered

2 - OPINION AND ORDER

into a Promissory Note with Matthew Szulik,[1] a Connecticut resident, in which M2 Systems "promise[d] to pay [Szulik] . . . on April 24, 2007, or sooner as otherwise provided herein (the Maturity Date), the principal amount of Two Million Fifty Thousand ($2,050,000) Dollars" plus interest.  Compl. Ex. A at 1.

Also on July 25, 2006, Defendant and Szulik entered into a Security Agreement relating to the Promissory Note setting out Szulik's "rights, remedies, and benefits."  On that same day Defendant and Szulik, among others, entered into an Escrow Agreement related to the Promissory Note and Security Agreement.

In their Complaint Plaintiffs allege the Promissory Note "was assigned on February 24, 2009, to a holder in due course[2] and assigned by such holder in due course to the plaintiffs on February 24, 2009, April 1, 2009, and November 6, 2009, as holders in due course."

On July 24, 2012, Plaintiffs filed an action against Defendant in this Court alleging a claim for breach of the Promissory Note.

On September 21, 2012, Defendant filed a Motion to Dismiss for Lack of Jurisdiction and Venue or, Alternatively, Motion to Transfer Venue and a Motion to Dismiss for Failure to State a

---

[1]Szulik is not a party to this action.

[2] Plaintiffs do not identify in their Complaint who the holder in due course was in the February 24, 2009, transfer.

3 - OPINION AND ORDER

Claim Upon Which Relief Can Be Granted.

Plaintiffs filed Responses to both Motions on October 26, 2012. On November 13, 2012, Defendant filed its Replies.

On January 16, 2013, the Court entered an Order directing Plaintiffs to "provide a record that specifies with particularity the citizenship of each Plaintiff."

On January 21, 2013, Plaintiffs filed the Declaration of Amanda Soden in response to the Court's January 16, 2013, Order.

On January 29, 2013, the Court entered an Order noting Soden's Declaration did not set out sufficient information for the Court to determine each Plaintiff's citizenship. The Court, therefore, directed Plaintiffs to provide the Court with information as to the domicile and citizenship of each Plaintiff.

On January 31, 2013, Plaintiffs filed a Supplemental Declaration of Amanda Soden in which Soden testified

> [e]ach of the natural plaintiffs is a domiciliary
> of the place of that person's residence as set
> forth in paragraphs 2 and 3 of my said
> declaration. Each of the accounts, trusts and
> estates is permanently present in the states
> specified in paragraph 3 of my said declaration.

Supplemental Decl. of Amanda Soden at ¶ 2.

The Court took Defendant's Motions under advisement on January 31, 2013.

**STANDARDS**

I.    **Motion to Dismiss for Lack of Personal Jurisdiction**

When "the existence of personal jurisdiction is challenged and the defendant appears specially to contest its presence in the jurisdiction, the plaintiff has the burden to come forward with some evidence to establish jurisdiction." *Dist. Council No. 16 of Intern. Union of Painters & Allied Trades, Glaziers, Architectural Metal & Glass Workers, Local 1621 v. B&B Glass, Inc.*, 510 F.3d 851, 855 (9th Cir. 2007)(citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). "The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.,* 248 F.3d 915, 922 (9th Cir. 2001)(citing *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.,* 557 F.2d 1280, 1285 (9th Cir. 1977)). If the court makes a jurisdictional decision based only on pleadings and any affidavits submitted by the parties and does not conduct an evidentiary hearing, the plaintiff need make only a *prima facie* showing of personal jurisdiction. *B&B Glass*, 510 F.3d at 855 (citation omitted). When determining whether the plaintiff has met the *prima facie* showing, the court must assume the truth of uncontroverted allegations in the complaint. *Ochoa v. J.B. Martin and Sons Farms, Inc.,* 287 F.3d 1182, 1187 (9th Cir. 2002).

When the court rules on a defendant's motion to dismiss for

lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff's version of the facts, unless directly contravened, is taken as true, and the court must resolve factual conflicts in the parties' affidavits in the plaintiff's favor. *Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements LTD*, 328 F.3d 1122, 1129 (9th Cir. 2003).

## II. Motion to Transfer Venue

Under 28 U.S.C. § 1404(a), the district court may transfer any civil action "[f]or the convenience of the parties and witnesses, in the interests of justice."  The forum to which transfer of venue is sought must be a district court where the case "might have been brought."  *Id.*  The court has discretion "to adjudicate motions to transfer according to 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988)(citation omitted).  Among the factors the court must balance when considering a motion to transfer are the plaintiff's choice of forum, the parties' contacts with the forum, the availability of compulsory process for unwilling witnesses, the relative ease of access to sources of proof such as witnesses and documents, and judicial economy.  *See Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir. 2000).  The rationale that controversies should be resolved in the locale where they arise also applies to judicial review of administrative decisions that are limited to

an administrative record. *Trout Unlimited v. U.S. Dep't of Agric.,* 944 F. Supp. 13, 19 (D.D.C. 1996).

## **DEFENDANT'S MOTION (#7) TO DISMISS FOR LACK OF JURISDICTION AND VENUE OR, ALTERNATIVELY, MOTION TO TRANSFER VENUE**

Defendant moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(2) on the ground that this Court lacks personal jurisdiction over Defendant. Alternatively, Defendant moves to transfer venue of this matter to the United States District Court for the Middle District of Florida.

Although Plaintiffs concede this Court lacks general jurisdiction over Defendant, Plaintiffs, nonetheless, contend this Court has personal jurisdiction over Defendant because (1) Defendant consented to this Court's jurisdiction pursuant to the Promissory Note and/or (2) this Court has specific jurisdiction.

## **I. Plaintiffs have not established Defendant waived its right to challenge this Court's jurisdiction.**

The Promissory Note contains the following forum-selection clause:

> This Note shall be construed and enforced in accordance with . . . the laws of the State of Connecticut applicable to contracts made and to be performed entirely within such State. Maker hereby waives all right to trial by jury in any action, suit or proceeding brought to enforce or defend any rights or remedies under this Note, and agrees that any lawsuit brought to enforce or interpret the provisions of this Note shall be

7 - OPINION AND ORDER

> instituted in state or federal courts, as
> appropriate, in Fairfield County, Connecticut, and
> Maker further agrees to submit to the personal
> jurisdiction of such court and waives any
> objection which it may have, based on improper
> venue or forum non conveniens, to the conduct of
> any proceeding in any such court . . . .  Nothing
> contained in this paragraph affects the . . .
> right of Payee to bring any action or proceeding
> against Maker or its property in the courts of any
> other jurisdiction.

Compl., Ex. A at 5-6.  The Security Agreement contains a similar

forum-selection clause:

> This Agreement shall be construed and enforced in
> accordance with . . . [the] laws of the State of
> Connecticut applicable to contracts made and to be
> performed entirely within such State.  Debtor
> . . . hereby waives all right to trial by jury in
> any action, suit or proceeding brought to enforce
> or defend any rights or remedies under this
> Agreement, and agrees that any lawsuit brought to
> enforce or interpret the provisions of this
> Agreement shall be instituted in state or federal
> courts, as appropriate, in Fairfield County,
> Connecticut, and it and further agrees to submit
> to the personal jurisdiction of such court and
> waives any objection which it may have, based on
> improper venue or forum non conveniens, to the
> conduct of any proceeding in any such court. . . .
> Nothing contained in this paragraph affects the
> right of Secured Party . . . to bring any action
> or proceeding against Debtor . . . with respect to
> the Collateral IQL Shares, in the courts of any
> other jurisdiction.

Compl., Ex. B at 11.

Plaintiffs contend this Court has personal jurisdiction over

Defendant because Defendant waived any objection to jurisdiction

in Oregon pursuant to the Promissory Note.  According to

Plaintiffs, the Promissory Note's forum-selection clause "gave to

Szulik . . . the right to choose any jurisdiction in which to sue M2, and this right was transferred to [Plaintiffs]."

Defendant, however, contends it agreed under the forum-selection clause in the Promissory Note to submit to personal jurisdiction and waived any objections to venue only as to proceedings in state or federal court in Connecticut.  Defendant did not waive the right to object to personal jurisdiction and/or venue if an action on the Promissory Note was brought in any other jurisdiction.

### A.   Applicable Law

The parties do not address or analyze whether the Court should apply federal common law, Connecticut law, or Oregon law to determine the scope and effect of the forum-selection clause. As noted, the Promissory Note provides it "shall be construed and enforced in accordance with . . . [the] laws of the State of Connecticut."

There is a split in the circuits as to the law that a federal court sitting in diversity is to apply to interpret a forum-selection clause when the underlying contract contains a choice-of-law provision.  *Compare Abbott Lab. v. Takeda Pharm. Co. Ltd.,* 476 F.3d 421, 423 (7th Cir. 2007)(interpretation of contractual forum-selection clauses is a matter of state contract law, and, therefore, state law applies to interpret the clause), and *Yavuz v. 61 MM, Ltd.*, 465 F.3d 418, 428 (10th Cir. 2006)

(same) *with Alexander Proudfoot Co. World Headquarters v. Thayer*, 877 F.2d 912, 918-19 (11th Cir. 1989)(forum-selection clauses are matters of personal jurisdiction, and, therefore, they must be interpreted according to the law of the forum state), and *Preferred Capital, Inc. v. Sarasota Kennel Club, Inc.*, 489 F.3d 303, 307-08 (6th Cir. 2007)(same).

In *Manetti-Farrow, Inc. v. Gucci America, Inc.,* the Ninth Circuit rejected the contract-interpretation and personal-jurisdiction approaches to forum-selection clauses. 858 F.2d 509 (9th Cir. 1988). The Ninth Circuit concluded the enforceability of contractual forum-selection clauses is a matter of federal procedural law. *Id.* at 513. The court also concluded: "[B]ecause enforcement of a forum clause necessarily entails interpretation of the clause before it can be enforced, federal law also applies to interpretation of forum selection clauses." *Id.* This Court must follow Ninth Circuit law and, therefore, must interpret the forum-selection clause at issue here under federal common law without regard to the Promissory Note's Connecticut choice-of-law provision.

**B. Federal common law contract interpretation**

When interpreting a contract according to principles of federal common law, the courts look to "general principles for interpreting contracts." *County of Santa Clara v. Astra United States*, 588 F.3d 1237, 1243 (9th Cir. 2009). Under the general

principles of contract interpretation, "[c]ontract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself." *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 2000)(citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1549 (9th Cir. 1990)).  When interpreting a contract under federal common law, therefore, courts must give the words of a contract their "common or normal meaning" unless circumstances show that a more specialized meaning is intended. *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987).  The presumption is that "every provision was intended to accomplish some purpose, and that none are . . . superfluous." *Chaly–Garcia v. United States*, 508 F.3d 1201, 1204 (9th Cir. 2007)(quoting *Harris v. Epoch Group, L.C.*, 357 F.3d 822, 825 (8th Cir. 2004)).  A written contract "must be read as a whole and every part interpreted with reference to the whole." *Shakey's Inc. v. Covalt*, 704 F.2d 426, 434 (9th Cir. 1983).  "Preference must be given to reasonable interpretations as opposed to those that are unreasonable, or that would make the contract illusory." *Id.* "The fact that the parties dispute a contract's meaning does not establish that the contract is ambiguous; it is only ambiguous if reasonable people could find its terms susceptible to more than one interpre- tation." *Klamath Water Users*, 204 F.3d at 1210

(citing *Kennewick Irrigation Dist. v. United States*, 880 F.2d 1018, 1032 (9th Cir. 1989)).

### C.    Analysis of forum-selection clause

The Promissory Note's forum-selection clause provides:

> Maker hereby waives all right to trial by jury in any action, suit or proceeding brought to enforce or defend any rights or remedies under this Note, and agrees that any lawsuit brought to enforce or interpret the provisions of this Note shall be instituted in state or federal courts, as appropriate, in Fairfield County, Connecticut, and Maker further agrees to submit to the personal jurisdiction of such court and waives any objection which it may have, based on improper venue or forum non conveniens, to the conduct of any proceeding in any such court . . . . Nothing contained in this paragraph affects the . . . right of Payee to bring any action or proceeding against Maker or its property in the courts of any other jurisdiction.

Compl., Ex. A at 5-6.  Plaintiffs contend the final sentence of the forum-selection clause indicates Defendant waived its right to challenge the jurisdiction and/or venue of any court in which Szulik and, by extension, Plaintiffs choose to bring an action on the Promissory Note.  Plaintiffs rely on a summary opinion in *Banque Nationale de Paris v. Batmanghelidj,* a Second Circuit case, to support their assertion that Defendant waived its right to challenge the jurisdiction and/or venue of any court in which Plaintiffs chose to bring this action.  No. 96-7444, 1997 WL 138944, at *1 (2d Cir. Mar. 18, 1997).  In *Batmanghelidj* the defendants executed a note containing a forum-selection clause that provided "any legal action or proceeding arising out of or

12 - OPINION AND ORDER

relating to this Note may be instituted in the courts of the State of New York or of the United States of America for the Southern District of New York." *Id*.  The defendants executed an amended note that contained a forum-selection clause as follows:

> Any legal action or proceeding arising out of or relating to this Note *may* be instituted in the courts of the District of Columbia or of the United States of America for the District of Columbia and Maker . . . submit[s] to the jurisdiction of each such court in any action or proceeding; *provided however, that the foregoing shall not limit Lender's rights to bring any legal action or proceeding in any other appropriate jurisdiction*, in which event, at Lender's option, the laws of such jurisdiction or the District of Columbia shall apply.

*Id*. (emphasis in original).  The plaintiff brought an action in the United States District Court for the Southern District of New York to enforce the notes.  The district court denied the defendants' motion to dismiss for lack of personal jurisdiction and granted the plaintiff's motion for summary judgment.  On appeal the defendants argued the district court erred in its construction of the forum-selection clauses contained in two notes and, therefore, erred when it denied defendants' motion to dismiss for lack of jurisdiction.  *Id*.  The Second Circuit affirmed the district court.  The Second Circuit concluded the second note modified rather than superseded the first note and the forum-selection clauses of the two notes were "plainly compatible." *Id*., at *2.  The court stated the forum-selection clause in the second note

13 - OPINION AND ORDER

> contains unambiguously permissive language,
> providing that a legal action may be instituted in
> the District of Columbia or "in any other
> appropriate jurisdiction"; such an appropriate
> jurisdiction would, of course, include the
> jurisdiction agreed to in the original note:  New
> York.  We thus conclude that defendants have
> submitted to the jurisdiction of the federal
> district courts of the Southern District of New
> York, and that the district court properly
> exercised personal jurisdiction over them in this
> action.

*Id*.

The Court notes Second Circuit Local Rule 32.1.1(b) provides in pertinent part:  "Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1."  Accordingly, *Batmanghelidj* does not have precedential effect even in the Second Circuit.  In any event, *Batmanghelidj* is distinguishable from the facts here because the language in the notes in that case was permissive.  The initial note provided the parties "may" institute an action arising out of the note in New York.  The second note provided the parties "may" institute an action arising out of the note in the District of Columbia.  Here the Promissory Note provides the parties "shall" bring an action in Connecticut.  In addition, the *Batmanghelidj* court relied in part on the fact that the first note specifically provided for jurisdiction in New York and that note was not superseded by the second note.  Here neither the Promissory Note

14 - OPINION AND ORDER

nor the Security Agreement specifically provided for jurisdiction
in Oregon.  Finally, as noted, this Court must apply Ninth
Circuit law when determining the effect of forum-selection
clauses.  Accordingly, the Court finds *Batmanghelidj* unhelpful in
its analysis of the forum-selection clause in this case.

Defendant does not cite any law to support its position
that the final sentence of the forum-selection clause does not
establish Defendant waived its right to object to jurisdiction
and/or venue in any court.

As noted, federal contract-interpretation law makes
clear that the Court must read the contract as a whole and
interpret every part with reference to the whole.  In addition,
the Court must presume "every provision was intended to
accomplish some purpose, and that none are . . . superfluous."
*Chaly-Garcia*, 508 F.3d at 1204.  Reading the forum-selection
clause here as a whole reflects Defendant specifically waived the
right to raise any objections to jurisdiction or venue if the
payee brought an action to enforce the Promissory Note in the
"state or federal courts, as appropriate, in Fairfield County,
Connecticut."  The final sentence of the forum-selection clause,
however, does not contain similar waiver language as to the payee
bringing an action in any court other than one in Fairfield
County, Connecticut, and it provides only that the first forum-
selection provision does not prohibit the payee from bringing

15 - OPINION AND ORDER

"any action or proceeding against Maker or its property in the courts of any other jurisdiction."  The final sentence is silent as to Defendant's ability to challenge the jurisdiction or venue of a court other than one in Fairfield County, Connecticut.  This interpretation gives meaning to both the waiver as to actions brought in Fairfield County, Connecticut, and the final sentence of the forum-selection clause.  If the Court concluded the final sentence constitutes a waiver of Defendant's right to challenge the jurisdiction of or venue in every court, the specific waiver as to actions in Fairfield County, Connecticut, would be superfluous.  Such an interpretation is unreasonable.  As noted, the Ninth Circuit has held "[p]reference must be given to reasonable interpretations as opposed to those that are unreasonable, or that would make the contract illusory" when interpreting contracts.

Accordingly, the Court concludes the forum-selection clause in the Promissory Note does not establish that Defendant waived its right to challenge the jurisdiction and/or venue of this Court.

## II. Personal-jurisdiction analysis

Because Plaintiffs have not established Defendant waived the right to challenge this Court's personal jurisdiction over Defendant, Plaintiffs must now establish this Court has personal jurisdiction over Defendant.

16 - OPINION AND ORDER

### A.   The Law

"Personal jurisdiction over a nonresident defendant is tested by a two-part analysis.  First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute.  Second, the exercise of jurisdiction must comport with federal due process." *Bauman v. DaimlerChrysler Corp.*, 579 F.3d 1088, 1094 (9th Cir. 2009) (quotations omitted).  "Oregon's long-arm statute confers jurisdiction to the outer limits of due process under the United States Constitution." *Pacific Reliant Indus., Inc. v. Amerika Samoa Bank*, 901 F.2d 735, 737 (9th Cir. 1990)(citation omitted). *See also J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780, 2800 n.8 (2011)("State long-arm provisions allow the exercise of jurisdiction subject only to a due process limitation in . . . Oregon); Or. R. Civ. P. 4L.  Oregon's long-arm statute, therefore, is co-extensive with the limits of due process. *Gleason v. Carter*, No. 3:12-CV-01265-HA, 2012 WL 4482372, at *4 n.1 (D. Or. Sept. 25, 2012).

"The due process analysis, in turn, centers on whether [a nonresident defendant] has 'certain minimum contacts' with [the forum state], such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Fiore v. Walden*, 688 F.3d 558, 573 (9th Cir. 2012) (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).

Here Plaintiffs contend this Court has specific jurisdiction over Defendant rather than general jurisdiction. A court has specific jurisdiction over a defendant "if the controversy [was] sufficiently related to or arose out of the defendants' contacts with the forum." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995). The Ninth Circuit applies the following three-part test to determine whether a district court constitutionally may exercise specific jurisdiction over a nonresident defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205-06 (9th Cir. 2006)(quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). "If the plaintiff fails to satisfy either of [the first two] prongs, personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a

compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

**B.   Plaintiffs have not established Defendant directed its activities or consummated some transaction with the forum or its residents**

It is undisputed that Defendant, a Florida corporation with its principal place of business in Florida, and Szulik negotiated and executed the Promissory Note and Security Agreement in Florida.  It is also undisputed that Defendant has never been a resident of Oregon, does not conduct business activities in Oregon, does not have an office in Oregon or hold a mortgage or lien on any Oregon property, and does not maintain any bank accounts or other assets in Oregon.  In addition, Defendant's employees and officers have never met or communicated with any of the Plaintiffs.  Nevertheless, Plaintiffs contend Defendant is subject to personal jurisdiction in Oregon because Defendant placed the Promissory Note in the stream of commerce.

It is questionable whether an entity that executes a promissory note has placed the note into the stream of commerce.  As the Supreme Court noted, "[t]he stream of commerce . . . refers to the movement of goods from manufacturers through distributors to consumers." *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780, 2788 (2011).  Plaintiffs do not cite nor could the Court find any case in which it has been held that

19 - OPINION AND ORDER

signing a promissory note places the note into the stream of
commerce for purposes of personal jurisdiction.  According to
Defendant, however, even if executing a promissory note is
sufficient to place the note into the stream of commerce, more is
required than mere placement of a product into the stream of
commerce to establish specific jurisdiction.

      The Supreme Court has held personal jurisdiction over
an out-of-state corporation may be appropriate when that
corporation "delivers its products into the stream of commerce
with the expectation that they will be purchased by consumers in
the forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444
U.S. 286, 297-98 (1980).  A majority of the Supreme Court,
however, has yet to agree on the exact requirements for
application of that theory.  In *J. McIntyre Machinery* and *Asahi
Metal Indus. Co. v. Superior Court* the plurality concluded a
company must purposefully direct some action toward the forum
state rather than merely place a product in the stream of
commerce.  *J. McIntyre*, 131 S. Ct. at 2788; *Asahi*, 480 U.S. 102,
112 (1987).  The Court indicated actions showing purposeful
direction may include "designing the product for the market in
the forum State, advertising in the forum State, establishing
channels for providing regular advice to customers in the forum
State, or marketing the product through a distributor who has
agreed to serve as the sales agent in the forum State." *Asahi*,

20 - OPINION AND ORDER

480 U.S. at 112.  The concurrence in *Asahi*, on the other hand, viewed as sufficient the placement of a product in the stream of commerce as long as the company was aware that the product was being marketed in the forum state.  *Id*. at 117 (Brennan, White, Marshall, & Blackmun, JJ., concurring).

The record here does not contain any evidence that Defendant knew the Promissory Note was going to be sold to a third party and then sold again to Plaintiffs.  Moreover, the record does not reflect Defendant had any indication that it would be required to make payments under the Promissory Note to anyone in Oregon or that any part of the Promissory Note would be performed in Oregon.  In addition, as noted, it is undisputed that Defendants did not "establish[] channels for providing regular advice to customers in [Oregon], or market[] [a] product through a distributor who . . . agreed to serve as the sales agent in [Oregon]."

The Court, therefore, concludes Plaintiffs have not established this Court has jurisdiction over Defendant under the stream-of-commerce analyses of either *J. McIntyre* or *Asahi*.

**C.    Plaintiffs have not established Defendant purposefully availed itself of the privilege of doing business in Oregon**

The first prong of the analysis relating to purposeful availment "may be satisfied by [Defendants'] purposeful availment of the privilege of doing business in the forum; by purposeful

direction of activities at the forum; or by some combination
thereof." *Yahoo! Inc.*, 433 F.3d at 1205-06.  "[I]n contract
cases, [the Court] typically inquire[s] whether a defendant
purposefully avails itself of the privilege of conducting
activities or consummate[s] [a] transaction in the forum,
focusing on activities such as delivering goods or executing a
contract."  *Id*. (quotations omitted).

Plaintiffs contend Defendant purposefully availed
itself of the privilege of doing business in Oregon when it
executed the Promissory Note.  Specifically, Plaintiffs point out
that Oregon Rule of Civil Procedure 4E(3) provides Oregon courts
have personal jurisdiction over an action that "[a]rises out of a
promise, made anywhere to the plaintiff or to some third party
for the plaintiff's benefit, by the defendant to deliver or
receive within this state or to send from this state goods,
documents of title, or other things of value."  Plaintiffs rely
on two cases to support their jurisdictional argument:  *Boehm &
Co. v. Environmental Concepts, Inc.,* 125 Or. App. 249 (1993), and
*White Stag Mfg. Co. v. Wind Surfing, Inc.*, 67 Or. App. 459
(1984).

In *Boehm* the plaintiff, an Oregon corporation, held a
promissory note executed by Defendant ECI-Del, a Delaware
corporation, and guaranteed by Defendant AMI, a Florida
corporation.  When neither of the defendants paid on the

22 - OPINION AND ORDER

promissory note, the plaintiff brought an action in Oregon state

court.  125 Or. App. at 251.  AMI moved to dismiss the matter for

lack of personal jurisdiction.  The trial court denied the motion

and AMI appealed.  On appeal the court made clear that Rule 4E(3)

> was intended to extend personal jurisdiction to
> the constitutional limits.  Therefore, in applying
> ORCP 4E(3), we first inquire whether it applies to
> the transaction between the parties.  If it does,
> we next inquire whether that transaction presents
> sufficient contacts with Oregon that the exercise
> of jurisdiction does not offend traditional
> notions of fair play and substantial justice.

*Id.* at 253.  The court noted

> the execution of a guaranty to an Oregon
> corporation, by itself, is insufficient to
> establish personal jurisdiction.  To satisfy
> constitutional standards . . . there must be
> evidence that the guaranty played an "integral
> part in causing or promoting significant economic
> consequences in Oregon."  289 Or. at 10, 609 P.2d
> 361.  As an example of the sort of economic
> consequences it considered to be constitutionally
> significant, the court referred to *State ex rel
> Ware v. Hieber*, 267 Or. 124, 133, 515 P.2d 721
> (1973), in which the execution of a personal
> guaranty caused an Oregon company to continue a
> franchise agreement that otherwise would have been
> terminated.  The most important fact in *Ware*, the
> court said, was that the plaintiff in that case
> had relied on the guaranty in conducting its
> business in Oregon.  *State ex rel Sweere v.
> Crookham, supra*, 289 Or. at 9, 609 P.2d 361.
>
> Since *Sweere*, we have held that "[r]eliance on a
> guaranty is a critical factor" in determining the
> reasonableness of asserting personal jurisdiction
> over a nonresident guarantor.  *White Stag Mfg. Co.
> v. Wind Surfing, Inc., supra*, 67 Or. App. at 465.

*Id.* at 253-54.  The court concluded the trial court did not err

when it concluded it had personal jurisdiction over AMI on the

23 - OPINION AND ORDER

ground that AMI's guaranty was an "integral part in causing important economic consequences in Oregon." *Id*. at 254. Specifically, the court pointed out that

> AMI initiated the negotiations with plaintiff, through its subsidiary ECI-Del. ECI-Del's president contacted plaintiff in Oregon and explained the terms of the transaction, which included AMI's guaranty. Plaintiff agreed to relinquish its shares of ECI-Fl in return for the promissory notes that AMI guaranteed. In the process, plaintiff changed from a mere ECI-Fl stockholder to a holder of a promissory note from an entirely different corporation. Plaintiff also became a guarantor of ECI-Fl's compliance with certain terms of the sale agreement. AMI's eventual failure to make payments to plaintiff impaired plaintiff's ability to move capital that otherwise would have been available in Oregon.

*Id.*

In *White Stag* a supplier of the manufacturer defendant Wind Surfing brought an action in Oregon against Wind Surfing and its primary creditor Kenneth Gross as guarantor to recover on its account with Wind Surfing, a New York resident. 67 Or. App. at 461. Gross moved to dismiss for lack of personal jurisdiction. The trial court concluded it had jurisdiction over Gross pursuant to Rule 4E(3) and due process. *Id*. On appeal the court affirmed:

> Gross called White Stag's credit office in Oregon to convince White Stag to extend credit to Wind Surfing. To further that end, Gross had numerous phone contacts with White Stag's credit office in Portland over a period of several months and subsequently guaranteed payment of Wind Surfing's debt to White Stag's Portland office. There was never any doubt that the extension of credit Gross

> sought would be completed in Oregon.  While a nonresident causing the actual shipment of goods from Oregon may give rise to personal jurisdiction in certain circumstances, *see, e.g., State ex rel. White Lbr. v. Sulmonetti, supra*, jurisdiction is also proper when a national corporation makes all necessary negotiations, authorizes the extension of credit in Oregon and pursuant to these arrangements releases goods stored in another state.  Under these circumstances, the extension of credit has no less economic impact than the shipment of goods.

*Id*. at 464-65.

Here, however, it is undisputed that Defendant did not have any contact with Plaintiffs in person, on the telephone, or via fax or email.  On the contrary, the record reflects Szulik's agent, James Tagliaferri of the Taurus Advisory Group, contacted Plaintiffs "to obtain [their] agreement to the transfer of [the Note]."  Aff. of Mel Shulevitz at ¶2.  There is not any evidence that Defendant was aware of Tagliaferri's actions, that Defendant had any part in the transfer of the Promissory Note to Plaintiffs, that Defendant entered into or had any negotiations with Plaintiffs.  Accordingly, there is not any evidence that Defendant played an "integral part in causing or promoting significant economic consequences in Oregon."

### D.    Plaintiffs have not established their claim is one that arose out of or related to Defendant's forum-related activities

Under the second prong of the personal-jurisdiction analysis, the plaintiffs' claim must be one that arises out of or relates to the defendant's forum-related activities.  *Fiore*, 688

25 - OPINION AND ORDER

F.3d at 582 (citing *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir.
2007)).  The Ninth Circuit has adopted a "but for" analysis to
determine whether a plaintiff's claim arises out of a defendant's
forum-related activities.  *Id.*  Thus, Plaintiffs in this case
must establish they would not have been injured "but for"
Defendant's activities in Oregon.

According to Plaintiffs, they were injured because
Defendant failed to pay on the Promissory Note.  The record,
however, is devoid of forum-related activities by Defendant.  The
Promissory Note was negotiated in Florida by Szulik, a resident
of Connecticut, and Defendant, a company incorporated in Florida
with its principal place of business in Florida.  The record
reflects Szulik's agent contacted Plaintiffs as to sale of the
Promissory Note.  There is not any evidence that the parties to
the Promissory Note contemplated payment would be rendered to
persons in Oregon.  In addition, as noted, Defendant does not
have any contacts with Oregon.

On this record the Court concludes Plaintiffs have
failed to establish that they would not have been injured but for
Defendant's activities in Oregon.

As noted, "[i]f the plaintiff fails to satisfy either
of [the first two] prongs, personal jurisdiction is not
established in the forum state."  Because Plaintiffs have not
satisfied either of the first two prongs, the Court concludes

Plaintiffs have not established this Court has personal jurisdiction over Defendant.  Accordingly, the Court grants Defendant's Motion to Dismiss this matter for lack of personal jurisdiction.

Because the Court concludes it lacks personal jurisdiction, the Court does not address Defendant's alternative Motions to Transfer or to Dismiss for Failure to State a Claim.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion (#7) to Dismiss for Lack of Jurisdiction and **DISMISSES** this matter for lack of jurisdiction **without prejudice**.

IT IS SO ORDERED.

DATED this 6th day of February, 2013.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

27 – OPINION AND ORDER