IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

INDOOR BILLBOARD NORTHWEST                3:12-CV-01338-BR
INC.; CATHERINE E. COX;
DANIEL D. GESTWICK IRA R/O;               OPINION AND ORDER
PAIGE C. GIST; BERNICE GOLDIN
IRA by ROCHELLE GOLDIN and
STEVE GOLDIN for BERNICE
GOLDIN ESTATE; DONALD J.
HANDAL REVOCABLE TRUST U/O;
DONALD J. HANDAL IRA R/O;
MARGOT S. HANDAL TR U/A;
EDWARD J. HARTNETT; GEOFFREY
M. HOLMES; GEOFFREY W.
HOLMES; LEE M. and BECKY
HOLZMAN; MARITAL TRUST U/W
WILLIAM KATZ; PEGGY W.
KAUFMANN IRA; RICHARD J.
KAUFMANN DECEDENT'S TRUST;
KAY M. KAZMAIER; STANLEY A.
STAR; JAMES SHU LEVITZ; ALAN
and NADINE WOLFF; and MICHAEL
WOLFF,

        Plaintiffs,

v.

M2 SYSTEMS CORPORATION,

        Defendant.

1 - OPINION AND ORDER

**ARDEN E. SHENKER**
Shenker & Bonaparte LLP
1500 S.W. First Avenue
Suite 765
Portland, OR 97201
(503) 294-1118

       Attorneys for Plaintiffs

**TIMOTHY W. SNIDER**
Stoel Rives LLP
900 S.W. Fifth Avenue
Suite 2600
Portland, OR 97204
(503) 294-9557

       Attorneys for Defendant


**BROWN, Judge.**

This matter comes before the Court on Defendant's Petition (#32) for Attorneys' Fees and Bill of Costs (#33).

For the reasons that follow, the Court **DENIES** Defendant's Petition for Attorneys Fees and Bill of Costs.


<u>**BACKGROUND**</u>

On July 25, 2006, Defendant M2 Systems Corporation entered into a Promissory Note with Matthew Szulik,[1] a Connecticut resident, in which M2 Systems "promise[d] to pay [Szulik] . . . on April 24, 2007, or sooner as otherwise provided herein (the Maturity Date), the principal amount of Two Million Fifty Thousand ($2,050,000) Dollars" plus interest.  Compl., Ex. A at

--------

[1] Szulik is not a party to this action.

2 - OPINION AND ORDER

1.  Also on July 25, 2006, Defendant and Szulik entered into a Security Agreement relating to the Promissory Note setting out Szulik's "rights, remedies, and benefits."  On that same day Defendant and Szulik, among others, entered into an Escrow Agreement related to the Promissory Note and Security Agreement.

In their Complaint Plaintiffs allege the Promissory Note "was assigned on February 24, 2009, to a holder in due course[2] and assigned by such holder in due course to the plaintiffs on February 24, 2009, April 1, 2009, and November 6, 2009, as holders in due course."

On July 24, 2012, Plaintiffs filed an action against Defendant in this Court alleging a claim for breach of the Promissory Note.

On September 21, 2012, Defendant filed a Motion to Dismiss for Lack of Jurisdiction and Venue or, Alternatively, Motion to Transfer Venue and a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted.

Plaintiffs filed Responses to both Motions on October 26, 2012.  On November 13, 2012, Defendant filed its Replies.

On January 16, 2013, the Court entered an Order directing Plaintiffs to "provide a record that specifies with particularity the citizenship of each Plaintiff."

---

[2] Plaintiffs do not identify in their Complaint who the holder in due course was in the February 24, 2009, transfer.

3 - OPINION AND ORDER

On January 21, 2013, Plaintiffs filed the Declaration of Amanda Soden in response to the Court's January 16, 2013, Order.

On January 29, 2013, the Court entered an Order noting Soden's Declaration did not set out sufficient information for the Court to determine each Plaintiff's citizenship.  The Court, therefore, directed Plaintiffs to provide the Court with information as to the domicile and citizenship of each Plaintiff.

On January 31, 2013, Plaintiffs filed a Supplemental Declaration of Amanda Soden in which Soden testified

> [e]ach of the natural plaintiffs is a domiciliary of the place of that person's residence as set forth in paragraphs 2 and 3 of my said declaration.  Each of the accounts, trusts and estates is permanently present in the states specified in paragraph 3 of my said declaration.

Suppl. Decl. of Amanda Soden at ¶ 2.

On February 6, 2013, the Court entered an Opinion and Order granting Defendant's Motion to Dismiss for lack of jurisdiction. Also on February 6, 2013, the Court entered a Judgment dismissing without prejudice this matter for lack of jurisdiction.

On February 27, 2013, Defendant filed a Petition for Attorneys' Fees and a Bill of Costs.  The Court took those matters under advisement on April 18, 2013.


**DISCUSSION**

I.    **Attorneys' Fees**

"Under the 'American rule,' litigants ordinarily are

4 - OPINION AND ORDER

required to bear the expenses of their litigation unless a statute or private agreement provides otherwise." *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579 (9th Cir. 2010) (quotation omitted).  Defendant seeks attorneys' fees on the grounds that the Promissory Note contains an attorney-fee provision and Defendant was the prevailing party in this matter with respect to the issue of jurisdiction.  Plaintiffs contend the Court lacks jurisdiction to grant Defendant's Petition, the Note does not provide for recovery of attorneys' fees under the circumstances of this case, Oregon Revised Statute § 20.096 does not apply, and Defendant is not a prevailing party.  Plaintiffs, therefore, assert Defendant is not entitled to attorneys' fees.

**A.    Jurisdiction**

Plaintiffs contend this Court lacks jurisdiction to enter an award of attorneys' fees because the Court concluded it lacks personal jurisdiction to adjudicate Plaintiffs' claims against Defendant.  The Ninth Circuit, however, has made clear that "'an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits.'" *Desert Sch. Fed. Cred. Union v. Johnson*, 473 F. App'x 804, 804 (9th Cir. 2012)(quoting *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992)).  The Court, therefore, is not divested of jurisdiction to award attorneys' fees even though it has concluded it lacks

5 - OPINION AND ORDER

jurisdiction to adjudicate the merits of Plaintiffs' claims.

**B.    Choice of Law**

The Security Agreement provides in pertinent part:

> Debtor shall be liable to Secured Party for any
> and all sums, costs and expenses which Secured
> Party may pay or incur pursuant to the provisions
> of this Agreement or in defending, protecting and
> enforcing the security interest granted herein in
> enforcing payment of the Obligations or otherwise
> in connection with the provisions hereof.

Compl., Ex. B at ¶ 5.

The Promissory Note provides in pertinent part:

> Upon the occurrence of an Event of Default
> specified in Paragraph 7(a) above, all Obligations
> then remaining unpaid hereunder shall immediately
> become due and payable in full . . . together with
> all reasonable costs and expenses of the
> collection and enforcement of this Note, including
> reasonable attorney's fees and expenses.

Compl., Ex. A at ¶ 7(b).  The Note also contains a choice-of-law

provision:  "This Note shall be construed and enforced in

accordance with . . . the laws of the State of Connecticut

applicable to contracts made and to be performed entirely within

such State."  Compl., Ex. A at ¶ 11(c).

Defendant contends a choice-of-law issue arises as to

whether it is entitled to a reciprocal right to attorneys' fees

under the Note because even though Connecticut law provides for

reciprocal attorneys' fees only in consumer contracts, Oregon law

precludes enforcement of contractual choice-of-law provisions

that "[c]ontravene an established fundamental policy embodied in

the law that would otherwise govern the issue in dispute."  Or.
Rev. Stat. § 15.355(1)(c).  Oregon law, unlike Connecticut law,
provides for reciprocal attorneys' fees:

> In any action or suit in which a claim is made
> based on a contract that specifically provides
> that attorney fees and costs incurred to enforce
> the provisions of the contract shall be awarded to
> one of the parties, the party that prevails on the
> claim shall be entitled to reasonable attorney
> fees in addition to costs and disbursements,
> without regard to whether the prevailing party is
> the party specified in the contract and without
> regard to whether the prevailing party is a party
> to the contract.

Or. Rev. Stat. § 20.096(1).  The Oregon Court of Appeals has held
that reciprocal attorneys' fees as provided for under § 20.096
are a fundamental policy of Oregon, and "the legislature made the
policy choice that making the right to recover prevailing party
attorney fees under contracts containing attorney-fee provisions
reciprocal would trump the parties' freedom to contract."
*Capital One Bank v. Fort*, 242 Or. App. 166, 172 (2011).  Under
Oregon law, therefore, the nonreciprocal attorneys' fee provision
in the Note would be unenforceable.  Accordingly, the Court
concludes there is a conflict between Oregon and Connecticut law
as to the availability of reciprocal attorneys' fees for
Defendant under the Note.

   "When sitting in diversity, [federal courts] apply the
choice-of-law rules of the forum state."  *Coneff v. AT & T Corp.*,
673 F.3d 1155, 1161 (9th Cir. 2012).  Under Oregon choice-of-law

rules the Court must determine as a threshold issue whether there
is a material difference between Oregon law and the law of the
other forum. *Waller v. Auto-Owners Ins. Co.*, 174 Or. App. 471,
475 (2001). If there is a material difference, the Court must
determine whether both states have substantial interests in
having their laws applied. *Pulido v. United States Parcel Serv.
Gen. Servs. Co.*, 31 F. Supp. 2d 809, 813 (D. Or. 1998)(citing
*Dabbs v. Silver Eagle Mfg. Co.*, 98 Or. App. 581, 583-84 (1989)).
Finally, if "both states have substantial interests, the Oregon
Supreme Court has adopted the 'most significant relationship'
approach of the Restatement (Second) Conflict of Laws." *Id*.
(citation omitted). *See also Portland Trailer & Equip., Inc. v.
A-1 Freeman Moving & Storage, Inc.*, 182 Or. App. 347, 358 (2002)
("Oregon has adopted the choice of law . . . 'most significant
relationship' test.").

        Defendant has identified a material difference between
the law of Oregon and Connecticut as to the availability of
reciprocal attorneys' fees. The Court, therefore, must determine
whether both states have substantial interests in having their
law applied and which state has the most significant relationship
to the issue of attorneys' fees. Plaintiffs assert Connecticut
has a substantial interest in having its law governing
nonreciprocal attorneys' fees applied because the original payee
on the Note was a resident of Connecticut. As Defendant points

8 - OPINION AND ORDER

out, however, the original payee is not a party to this action,
and, according to the allegations in Plaintiffs' Complaint, the
original payee is no longer a party to the Note.  In addition,
the Note does not require any performance in Connecticut, it is
not secured by any property in Connecticut, and the current
holders and maker of the Note are not residents of Connecticut.
On the other hand, Plaintiffs filed the action in Oregon, certain
Plaintiffs are Oregon residents, and Defendant was forced to
defend itself in this action in Oregon.  In addition, Oregon
courts have made clear that the reciprocal attorneys' fee policy
in § 20.096 was intended to benefit litigants by "overrid[ing]
the tactical advantage enjoyed by the parties favored by . . .
one-sided attorney-fee provisions." *King v. Neverstill
Enterprises, LLC*, 240 Or. App. 727, 732 (2011).

On this record the Court concludes Oregon has a
substantial interest in having its law apply to the issue of
reciprocity of attorneys' fees and Connecticut does not.  In
addition, the Court concludes Oregon has the most significant
relationship as to the issue of reciprocity of attorneys' fees.
Accordingly, the Court concludes Oregon law applies to the issue
of attorneys' fees, and, therefore, reciprocal attorneys' fees
are an available remedy if Defendant is a prevailing party in
this matter.

9 - OPINION AND ORDER

## C.    **Defendant is not a prevailing party**

As noted, § 20.096(1) provides in pertinent part:

> In any action . . . in which a claim is made based
> on a contract that specifically provides [for
> attorneys' fees] the party that prevails on the
> claim shall be entitled to reasonable attorney
> fees in addition to costs and disbursements.

Accordingly, if Defendant is a prevailing party under the Note,
the Court must award reasonable attorneys' fees and costs to
Defendant.

Defendant contends it is a prevailing party because it
achieved success in its effort to dismiss this matter for lack of
personal jurisdiction.  Plaintiffs contend Defendant is not a
prevailing party because it did not obtain a final judgment
against Plaintiffs on the merits of Plaintiffs' claims.

Under Oregon law, the principles of contract
interpretation are as follows:

> [The Court's] objective is to ascertain the
> intention of the parties "based on the terms and
> conditions of the [contract]."  *Id.* at 469, 836
> P.2d 703.  [The Court] begin[s] with the wording
> of the [contract], applying any definitions that
> are supplied by the [contract] itself and
> otherwise presuming that words have their plain,
> ordinary meanings.  *Id.* at 469-70, 836 P.2d 703.
> If, from that vantage point, [the Court] find[s]
> only one plausible interpretation of the disputed
> terms, [the Court's] analysis goes no further.
> *Id.*  If [the Court] find[s] that the disputed
> terms are susceptible to more than one plausible
> interpretation, however, [the Court] examine[s]
> those terms in the broader context of the policy
> as a whole.  *Hoffman*, 313 Or. at 470, 836 P.2d
> 703.  If [the Court's] consideration of the
> policy's broader context fails to resolve the

> ambiguity, then [the Court] will construe the
> policy against the drafter. . . . *Id.* at 470-71,
> 836 P.2d 703.  In all events, interpretation of [a
> contract] is a question of law that is confined to
> the four corners of the [contract] without regard
> to extrinsic evidence.  *Andres v. American*
> *Standard Ins. Co.*, 205 Or. App. 419, 424, 134 P.3d
> 1061 (2006).

*Tualatin Valley Housing Partners v. Truck Ins. Exch.*, 208 Or.

App. 155, 159-60 (2006)(quoting *Hoffman Constr. Co. v. Fred S.*

*James & Co.*, 313 Or. 464, 469-70 (1992)).

Neither Oregon Revised Statute § 20.096 nor the

Promissory Note defines what is required to be considered a

prevailing party under the Note.  Accordingly, the Court must

presume the phrase has its ordinary, plain meaning.

Plaintiffs rely on *Cascade General, Inc. v. Powerhouse*

*Diesel Services, Inc.*, to support their assertion that Defendant

is not a prevailing party for purposes of § 20.096(1) because

Defendant did not obtain a final judgment on the merits in this

action.  No. 05-1334-HU, 2007 WL 3520469 (D. Or. Nov. 9, 2007).

That case, however, applied the pre-2001 version of Oregon

Revised Statute § 20.096, which defined prevailing party for

purposes of that provision as "the party in whose favor *final*

judgment or decree is rendered."  Or. Rev. Stat. § 20.096(5)

(1999)(emphasis added).  In 2001 the Oregon Legislature redefined

a prevailing party as one who "receives a *favorable* judgment

. . . on the claim."  Or. Rev. Stat. § 20.077(2)(emphasis added).

Plaintiffs also rely on *Advance Financial Resources, Inc. v.*

11 - OPINION AND ORDER

*Cottage Health System, Inc.*, to support their assertion.  No. CV 08-1084-KI, 2009 WL 2871139 (D. Or. Sept. 1, 2009).  In that case, however, the court applied California law to determine whether the defendant was a prevailing party.  California law does not define a prevailing party with respect to entry of a judgment.  Instead a prevailing party under California law is one "who recovered greater relief in the action on the contract." *Id.*, at *19 (citing Cal. Civ. Code § 1717(b)(1)).  These cases, therefore, are not helpful to the issue at hand.

Defendants concede Oregon courts have not addressed whether a dismissal for lack of personal jurisdiction establishes the defendant is a prevailing party under § 20.096(1).  According to Defendant, however, such a conclusion would be consistent with cases in which Oregon courts have concluded an order terminating an action on procedural grounds constitutes a favorable judgment.  Defendant relies on *Kaib's Roving R.Ph. Agency, Inc. v. Employment Department* to support its assertion.  338 Or. 433 (2005).  In *Kaib* the Oregon Court of Appeals vacated an order of the Oregon Employment Department in which it had decided to assess unemployment taxes on the plaintiff.  *Id.* at 438.  The Oregon Court of Appeals remanded the matter to the Employment Department for a new hearing in accordance with Employment Department procedures.  The plaintiff moved for attorneys' fees and costs pursuant to Oregon Revised Statute § 183.497(1), which

provides for attorneys' fees and costs when "the court finds in
favor of the [plaintiff]."  The Court of Appeals denied the
plaintiff's request for attorneys' fees.  On review the Oregon
Supreme Court rejected the defendant's argument that the
plaintiff was not entitled to attorneys' fees because even though
the Court of Appeals technically found in the plaintiff's favor,
the court's decision "did not resolve the ultimate issues in the
case in [the plaintiff's] favor." *Id*. at 442.  In particular,
Defendant relies on the following statement of the Oregon Supreme
Court:  "No wording in ORS 183.497 suggests that the legislature
intended to limit attorney fee awards to judicial review of the
*merits* of a claim. . . .  A decision of the court may be 'in
favor of' a party, even if it addresses only procedural matters."
*Id*. at 443 (emphasis in original).  In reaching that conclusion,
however, the court specifically distinguished "in favor of" from
"prevailing party":

>            The [defendant] asserts, based on its review of
> the legislative history, that a finding "in favor
> of" a party is equivalent to a finding that a
> party is a "prevailing party."  It also cites
> several cases supporting the proposition that only
> a party who obtains substantive relief on the
> claims asserted is a "prevailing party" for
> purposes of an award of attorney fees and costs.
> That argument is misplaced.  ORS 183.497 does not
> use the phrase "prevailing party," but another
> part of ORS chapter 183 does.  ORS 183.485(1)
> requires a court having judicial review of
> contested cases to direct its decision, including
> its judgment, to the agency that issued the order
> being reviewed, and permits the court to "direct
> that its judgment be delivered to the circuit

> court for any county designated by the prevailing
> party for entry in the court's register."
> Clearly, the legislature knew how to refer to a
> "prevailing party" when that was what it intended.
> The fact that the legislature chose instead to
> refer in ORS 183.497(1) to a finding "in favor of"
> a party suggests that it intended something
> different.

*Id.*

Oregon Revised Statute § 20.077 specifically provides circumstances under which a party is considered a prevailing party. Thus, even though § 20.077 uses the term "favorable judgment," the holding of *Kaib* does not shed light on the definition of a prevailing party under § 20.077(2).

In summary, neither party has provided the Court with any case that addresses whether a party may be a prevailing party for purposes of § 20.077 when it has obtained a judgment dismissing a matter without prejudice for lack of personal jurisdiction rather than on the merits of the plaintiff's claims. Accordingly, the Court analogizes to the use of prevailing-party language in other contexts. In the context of awarding attorneys' fees to prevailing parties under 42 U.S.C. § 1988, the United States Supreme Court has held "prevailing party" is a legal term of art generally defined as "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001)(quotation omitted). A party need not prevail on all issues, but it must succeed on a

14 - OPINION AND ORDER

significant issue that is fundamental to the case and establish its entitlement to relief on the merits of its claims.  *Id*.  When it rejected the "catalyst theory" of prevailing party in *Buckhannon,* the Supreme Court explained:

> Even under a limited form of the "catalyst theory," a plaintiff could recover attorney's fees if it established that the "complaint had sufficient merit to withstand a motion to dismiss for lack of jurisdiction or failure to state a claim on which relief may be granted."  Brief for United States as Amicus Curiae 27.  This is not the type of legal merit that our prior decisions, based upon plain language and congressional intent, have found necessary.  Indeed, we held in *Hewitt* that an interlocutory ruling that reverses a dismissal for failure to state a claim "is not the stuff of which legal victories are made."  482 U.S., at 760, 107 S. Ct. 2672.  *See also Hanrahan, supra*, at 754, 100 S. Ct. 1987.

*Id*. at 605.

Here Defendant succeeded with respect to its Motion to Dismiss; *i.e.,* the Court dismissed this matter for lack of personal jurisdiction.  Defendant, however, did not succeed on a significant issue that is fundamental to the case *and* establish its entitlement to relief on the merits of Plaintiffs' claims.

On this record the Court concludes Defendant is not a prevailing party within the meaning of that term.  Accordingly, the Court denies Defendant's Petition for Attorneys' Fees.  The Court, however, denies Defendant's Petition without prejudice on the ground that Defendant may reraise its request for attorneys' fees before another court if it achieves success on the merits of

Plaintiffs' claims in a court that has jurisdiction.

**II.   Costs**

Absent a showing of circumstances not relevant here, an award of costs is governed by federal law.  *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003).  Costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise.  Fed. R. Civ. P. 54(d).  Because the Court has concluded Defendant is not a prevailing party, the Court denies Defendant's request for an award of costs without prejudice for the reasons stated above.


<u>CONCLUSION</u>

For these reasons, the Court **DENIES without prejudice** Defendant's Petition (#32) for Attorneys' Fees and Bill of Costs (#33).

IT IS SO ORDERED.

DATED this 18th day of June, 2013.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge