IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


INDOOR BILLBOARD NORTHWEST                3:12-CV-01338-BR
INC.; CATHERINE E. COX;
DANIEL D. GESTWICK IRA R/O;               OPINION AND ORDER
PAIGE C. GIST; BERNICE GOLDIN
IRA by ROCHELLE GOLDIN and
STEVE GOLDIN for BERNICE
GOLDIN ESTATE; DONALD J.
HANDAL REVOCABLE TRUST U/O;
DONALD J. HANDAL IRA R/O;
MARGOT S. HANDAL TR U/A;
EDWARD J. HARTNETT; GEOFFREY
M. HOLMES; GEOFFREY W.
HOLMES; LEE M. and BECKY
HOLZMAN; MARITAL TRUST U/W
WILLIAM KATZ; PEGGY W.
KAUFMANN IRA; RICHARD J.
KAUFMANN DECEDENT'S TRUST;
KAY M. KAZMAIER; STANLEY A.
STAR; JAMES SHU LEVITZ; ALAN
and NADINE WOLFF; and MICHAEL
WOLFF,

          Plaintiffs,

v.

M2 SYSTEMS CORPORATION,

          Defendant.


1 - OPINION AND ORDER

**ARDEN E. SHENKER**
Shenker & Bonaparte LLP
1500 S.W. First Avenue
Suite 765
Portland, OR 97201
(503) 294-1118

       Attorneys for Plaintiffs

**TIMOTHY W. SNIDER**
Stoel Rives LLP
900 S.W. Fifth Avenue
Suite 2600
Portland, OR 97204
(503) 294-9557

       Attorneys for Defendant


**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion (#47) to Amend the Court's Order Denying Attorneys' Fees.

For the reasons that follow, the Court **DENIES** Defendant's Motion.


## BACKGROUND

On July 25, 2006, Defendant M2 Systems Corporation entered into a Promissory Note with Matthew Szulik,[1] a Connecticut resident, in which M2 Systems "promise[d] to pay [Szulik] . . . on April 24, 2007, or sooner as otherwise provided herein (the Maturity Date), the principal amount of Two Million Fifty Thousand ($2,050,000) Dollars" plus interest.  Compl., Ex. A at

---

    [1] Szulik is not a party to this action.

2 - OPINION AND ORDER

1.  Also on July 25, 2006, Defendant and Szulik entered into a

Security Agreement relating to the Promissory Note setting out

Szulik's "rights, remedies, and benefits."  On that same day

Defendant and Szulik, among others, entered into an Escrow

Agreement related to the Promissory Note and Security Agreement.

      In their Complaint Plaintiffs allege the Promissory Note

"was assigned on February 24, 2009, to a holder in due course[2]

and assigned by such holder in due course to the plaintiffs on

February 24, 2009, April 1, 2009, and November 6, 2009, as

holders in due course."

      On July 24, 2012, Plaintiffs filed an action against

Defendant in this Court alleging a claim for breach of the

Promissory Note.

      On September 21, 2012, Defendant filed a Motion to Dismiss

for Lack of Jurisdiction and Venue or, Alternatively, Motion to

Transfer Venue and a Motion to Dismiss for Failure to State a

Claim Upon Which Relief Can Be Granted.

      Plaintiffs filed Responses to both Motions on October 26,

2012.  On November 13, 2012, Defendant filed its Replies.

      On January 16, 2013, the Court entered an Order directing

Plaintiffs to "provide a record that specifies with particularity

the citizenship of each Plaintiff."

_____

      [2] Plaintiffs do not identify in their Complaint who the
holder in due course was in the February 24, 2009, transfer.

3 - OPINION AND ORDER

On January 21, 2013, Plaintiffs filed the Declaration of Amanda Soden in response to the Court's January 16, 2013, Order.

On January 29, 2013, the Court entered an Order noting Soden's Declaration did not set out sufficient information for the Court to determine each Plaintiff's citizenship.  The Court, therefore, directed Plaintiffs to provide the Court with information as to the domicile and citizenship of each Plaintiff.

On January 31, 2013, Plaintiffs filed a Supplemental Declaration of Amanda Soden in which Soden testified

> [e]ach of the natural plaintiffs is a domiciliary
> of the place of that person's residence as set
> forth in paragraphs 2 and 3 of my said
> declaration.  Each of the accounts, trusts and
> estates is permanently present in the states
> specified in paragraph 3 of my said declaration.

Supple. Decl. of Amanda Soden at ¶ 2.

On February 6, 2013, the Court entered an Opinion and Order granting Defendant's Motion to Dismiss for lack of jurisdiction. Also on February 6, 2013, the Court entered a Judgment dismissing without prejudice this matter for lack of jurisdiction.

On February 27, 2013, Defendant filed a Petition for Attorneys' Fees and a Bill of Costs.

On June 18, 2013, the Court issued an Opinion and Order denying Defendant's Motion for Attorneys' Fees and Bill of Costs.

On July 9, 2013, Defendant filed a Motion to Amend the Court's Order Denying Attorneys' Fees.  On August 16, 2013, Plaintiffs filed a Response.  The Court took Defendant's Motion

4 - OPINION AND ORDER

under advisement on August 28, 2013.

## DISCUSSION

In its June 18, 2013, Opinion and Order the Court concluded
it had jurisdiction to resolve Defendant's Motion, Oregon law
applies to determine Defendant's entitlement to attorneys' fees
and costs, and Defendant was not a prevailing party for purposes
of attorneys' fees under Oregon Revised Statute § 20.077.
Defendant does not assert the Court erred when it concluded it
had jurisdiction to resolve Defendant's Motion or that Oregon law
applies.  Defendant, however, asserts the Court erred when it
concluded Defendant was not a prevailing party under § 20.077.

Defendant again contends it is a prevailing party because it
achieved success in its effort to dismiss this matter for lack of
personal jurisdiction.  Plaintiffs continue to assert Defendant
is not a prevailing party because it did not obtain a final
judgment against Plaintiffs on the merits of Plaintiffs' claims.

## I.    Summary of June 18, 2013, Opinion and Order

In its June 18, 2013, Opinion and Order, the Court noted
neither Oregon's statute providing for attorneys' fees in actions
involving breach of contract (§ 20.096) nor the Promissory Note
defines the requirements to be considered a prevailing party
under the Note.  Accordingly, the Court presumed the phrase has
its ordinary, plain meaning.

5 - OPINION AND ORDER

In their Response to Defendant's Motion for Attorneys' Fees
Plaintiffs relied on a number of cases to support their assertion
that Defendant is not a prevailing party for purposes of
§ 20.096(1) because Defendant did not obtain a final judgment on
the merits in this action.  The Court, however, noted those cases
did not, in fact, provide guidance on the issue because one
applied California law and the other applied the pre-2001 version
of Oregon Revised Statute § 20.096, which defined a prevailing
party for purposes of that provision as "the party in whose favor
*final* judgment or decree is rendered."  Or. Rev. Stat.
§ 20.096(5)(1999)(emphasis added).  As the Court noted, in 2001
the Oregon Legislature redefined a prevailing party as one who
"receives a *favorable* judgment . . . on the claim."  Or. Rev.
Stat. § 20.077(2) (emphasis added).

In its Reply to its Motion for Attorneys' Fees Defendants
stated Oregon courts had not addressed whether a dismissal for
lack of personal jurisdiction establishes the defendant is a
prevailing party under § 20.096(1).  Defendant, therefore, relied
on *Kaib's Roving R.Ph. Agency, Inc. v. Employment Department*, 338
Or. 433 (2005), which involved a motion for attorneys' fees and
costs pursuant to Oregon Revised Statute § 183.497(1).  This
Court concluded *Kaib* did not shed light on whether a dismissal
for lack of personal jurisdiction constituted "receiv[ing] a
favorable judgment on a claim."

6 - OPINION AND ORDER

Neither party provided the Court with any case in which a
court addressed whether a party may be a prevailing party for
purposes of § 20.077 when that party had obtained a judgment
dismissing the matter without prejudice for lack of personal
jurisdiction rather than on the merits of the plaintiff's claims.
The Court, therefore, analogized to the use of prevailing-party
language in other contexts and concluded Defendant was not a
prevailing party within the meaning of § 20.077.  Accordingly,
the Court denied Defendant's Motion for Attorneys' Fees.  In
addition, because the Court concluded Defendant was not a
prevailing party, the Court also denied Defendant's request for
an award of costs.

## II.  Analysis of Defendant's Motion to Amend

Defendant conceded in its Reply in support of its Motion for
Attorneys' Fees that Oregon courts have not addressed whether a
party is a prevailing party under § 20.077 when the party has
obtained dismissal of a matter for lack of personal jurisdiction.
Defendant, nevertheless, contends in its Motion to Amend that the
Court erred when it based its definition of a prevailing party
on an analogy to federal law rather than looking to Oregon law.

Defendant points to *Dean Vincent, Inc. v. Krishell
Laboratories, Inc.*, 271 Or. 356 (1975), an Oregon Supreme Court
case decided before the 2001 amendment to Oregon Revised Statute
§ 20.096, to support its assertion that it is a prevailing party

7 - OPINION AND ORDER

in this matter.  Specifically, Defendant points to the following

analysis:

> [D]efendant was the prevailing party because a
> voluntary nonsuit terminates the case in a
> defendant's favor.  Even though the termination
> was without prejudice and plaintiff could file
> another case upon the same cause of action, these
> facts did not prevent defendant from being the
> party in whose favor the judgment was rendered in
> that particular case.

*Id.* at 359.

As noted, however, before the 2001 amendment, § 20.096

defined prevailing party as "the party in whose favor final

judgment . . . is rendered."  After 2001 a prevailing party is

defined as one who "receives a favorable judgment . . . on the

claim."  As one court in this district explained with respect to

this language,

> the prevailing party in an FED action is "the
> party in whose favor final judgment is rendered."
> ORS 90.255.  Under that definition, the only issue
> is whether a final judgment was entered,
> regardless of whether any decision was rendered on
> the merits of the claim.  That is a far different
> definition for prevailing party than contained in
> ORS 20.077(2) which contemplates at least some
> adjudication on the merits of the claim.

*O.N. Equity Sales Co. v. Estate of Pence*, No. CV-10-1426-ST, 2011

WL 2198307, at *2 (D. Or. May 4, 2011), *adopted* June 7, 2011, by

Senior District Court Judge Malcolm Marsh.  This Court agrees.

Accordingly, the Court denies Defendant's Motion to Amend

the Court's Order Denying Attorneys' Fees.

**CONCLUSION**

For these reasons, the Court **DENIES** Defendant's Motion (#47)

to Amend the Court's Order Denying Attorneys' Fees.

IT IS SO ORDERED.

DATED this 8th day of October, 2013.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


9 - OPINION AND ORDER